[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION DEFENDANT'S MOTION FOR REDUCTION IN DAMAGES
On May 18, 1993, the jury in the above-captioned matter returned a verdict in favor of the plaintiff and against the defendant, in the amount of $60,000.00 total damages ($30,000.00 economic and $30,000.00 non-economic), reduced by 20% due to the plaintiff's comparative negligence, for a net recovery of CT Page 7623 $48,000.00.
The defendant filed a motion seeking a reduction of the plaintiff's damages by virtue of alleged collateral source payments.
The State of Connecticut, as employer, sought to intervene as co-plaintiff on April 14, 1992. On May 11, 1992 the court (Melville, J.) sustained the defendant's objection to the motion to intervene as untimely filed. "If the compensation carrier does not join as a party plaintiff within 30 days of notification of an action having been brought, its right of action shall abate." Connecticut General Statute 31-293(a).
Connecticut General Statutes 31-293 states that "any employer having paid, or having become obligated to pay compensation under the provision of this chapter [568] may bring an action against the third person to recover any amount that he has paid or has become obligated to pay as compensation to the injured employee." Thus the workers' compensation carrier has a right of subrogation.
Connecticut General Statutes 52-225a provides that:
 (a) In any civil action whether in tort or in contract, wherein the claimant seeks to recover damages resulting from (1) personal injury . . . occurring on or after October 1, 1987 . . . and wherein liability . . . is determined by the trier of fact and damages are awarded to compensate the claimant, the court shall reduce the amount of such award which represents economic damages . . . except that there shall be no reduction for (1) a collateral source for which a right of subrogation exists. . . ."
Since workers' compensation has a right of subrogation, the collateral source rule does not apply. The defendant's motion to reduce the award of damages for collateral source payments is denied.
LEHENY, JUDGE CT Page 7624